UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DECALVIN SHUNTRELL RAPHIEL          CIVIL ACTION NO. 24-1348

VERSUS                              JUDGE EDWARDS

KENNETH BOOTH, ET AL                MAG. JUDGE HORNSBY

**MEMORANDUM RULING & ORDER**

Before the Court is a Motion to Dismiss filed by Defendants, Moes Auto Plex 2, LLC and Mohammad Shihadeh (collectively "Defendants").[1] Plaintiff Decalvin Shuntrell Raphiel ("Plaintiff") opposes the motion.[2] For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

I.    BACKGROUND

Plaintiff, who is *pro se*, filed the instant suit asserting a litany of claims against Defendants including claims under the Fair Debt Collection Practices Act, the Truth in Lending Act, Equal Credit Opportunity Act, Louisiana Unfair Trade Practices Act, and the Uniform Commercial Code.[3] Plaintiff alleges that he entered into a financing agreement with the Credit Acceptance Corporation,[4] facilitated by Defendants for the purchase of a 2007 Lincoln Town Car. Essentially, Plaintiff claims that Defendants "engaged in deceptive and fraudulent business practices."[5]

---

[1] R. Doc. 64.
[2] R. Docs. 68 and 70.
[3] R. Doc. 59.
[4] Plaintiff also named the Credit Acceptance Corporation and Kenneth Booth as defendants, but they have not joined in this motion.
[5] R. Doc. 59 at 2.

1

Plaintiff filed his original complaint on October 2, 2024.[6] In response, Defendants filed their first motion to dismiss.[7] Plaintiff filed an Amended Complaint that did not reference, incorporate, or adopt any of the allegations in the original complaint. Therefore, the Amended Complaint controls.[8] The instant motion, filed in response to the Amended Complaint, seeks dismissal on the grounds that the Plaintiff has failed to state a claim.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.[9] The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[10] A document filed *pro se* is "to be liberally construed,"[11] and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[12]

The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."[13] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an

---

[6] R. Doc. 1.
[7] R. Doc. 13.
[8] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Williams v. Zordan*, 2023 WL 6451111, *4 (W.D. La. 2023) (citing *Stewart v. City of Houston Police Dep't,* 372 F.Appx 475, 478 (5th Cir. 2010).
[9] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).
[10] *Id.*
[11] *See e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[12] *Id.* (internal quotation marks omitted); Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").
[13] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

entitlement to relief.[14] Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.[15]

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.[16] "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[17] Indeed, any documents attached to the briefing on a motion to dismiss may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity.[18]

### III. ANALYSIS

Defendants urge the Court to dismiss the claims against them under Rule 12(b)(6) because the Plaintiffs' "Amended Complaint contains conclusory allegations regarding ownership of the vehicle at issue and alleged noncompliance with laws."[19] In Plaintiff's first response, he recounts his claims against the Defendants as:[20]

1. Quiet Title / Declaratory Relief
2. Fair Credit Reporting Act (FCRA)
3. Breach of Contract
4. Conversion
5. Negligence
6. Unjust Enrichment

---

[14] *Id.* at 679.
[15] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).
[16] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).
[17] *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003).
[18] *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).
[19] R. Doc. 64-1 at 8.
[20] R. Docs. 68 and 70.

    7. Reservation of Additional Claims; and
    8. Attorney's Fees.

In the second response filed by Plaintiff, he recounts his claims as:[21]

    1. Violation of Louisiana Consumer Credit Law
    2. Fair Credit Reporting Act
    3. Violation of Contract and Conversion
    4. Negligence and Unjust Enrichment
    5. Quiet Title Relief
    6. Federal Procedural Protections.

In both responses, Plaintiff cites the legal authority for each of his claims and alleges that he is entitled to relief because Defendants violated the law. However, Plaintiff does not state any facts to explain how the Defendants violated the law, or why he is entitled to relief. Further, Plaintiff's Amended Complaint simply contains a similar list of his purported claims, the related legal authority, and conclusory statements that he is entitled to relief. The Court has reviewed the attachments to Plaintiff's Amended Complaint, including Plaintiff's: 1) Memorandum of Facts, Law and Equity, 2) a photograph copy of his original complaint, and 3) Plaintiff's affidavit.[22] None of these materials contain any factual allegations which would explain the Defendants' conduct that Plaintiff believes give rise to his claims.

    The Court notes that Defendants, for the second time, have thoroughly explained each factual allegation necessary for the Plaintiff to maintain any of his listed claims against them.[23] Yet, Plaintiff has failed to allege any facts in his Amended Complaint and the two oppositions he filed to the instant motion to dismiss.

---

[21] R. Doc. 70.
[22] R. Docs. 59-1, 59-2 and 59-3.
[23] R. Doc. 13 (Defendants' first motion to dismiss); R. Doc. 64 (the instant motion to dismiss).

There is no factual matter (much less "sufficient" factual matter) that this Court can find within the Amended Complaint, its attachments, or any of Plaintiff's Oppositions regarding any actions taken by Defendants, only conclusory statements. Even a liberal reading of Plaintiff's Amended Complaint does not prevent dismissal. Consequently, claims against the Defendants are dismissed.

## IV. CONCLUSION

For the foregoing reasons,

Defendants' Motion to Dismiss (R. Doc. 64) Pursuant to Federal Rules of Civil Procedure 12(b)(6) is **GRANTED**. Plaintiff's claims against Moes Auto Plex 2, LLC and Mohammad Shihadeh are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 21st day of July, 2025.

*[signature]*

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**