UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DECALVIN SHUNTRELL RAPHIEL | CIVIL ACTION NO. 24-1348 |
| VERSUS | JUDGE EDWARDS |
| KENNETH BOOTH, ET AL | MAG. JUDGE HORNSBY |

### MEMORANDUM RULING & ORDER

Before the Court is a Motion to Dismiss filed by Defendants, Kenneth Booth and Credit Acceptance Corporation ("Booth" and "Credit Acceptance," respectively, and collectively "Defendants").[1] Plaintiff Decalvin Shuntrell Raphiel ("Plaintiff") opposes the motion.[2] For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND[3]

Plaintiff, who is *pro se*, filed the instant suit asserting a litany of claims against Defendants including claims under the Fair Debt Collection Practices Act, the Truth in Lending Act, Equal Credit Opportunity Act, Louisiana Unfair Trade Practices Act, and the Uniform Commercial Code.[4] Plaintiff alleges that he entered into a financing agreement with Credit Acceptance for the purchase of a 2007 Lincoln Town Car.

---

[1] R. Doc. 84. Plaintiff also named Moes Auto Plex 2, LLC and Mohammad Shihadeh as defendants, but they have been dismissed from this action. R. Doc. 82.
[2] R. Doc. 86.
[3] The factual background below comes "from the operative […] complaint because, at this stage, we accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff...." *Nevarez v. Dorris,* 135 F.4th 269, 271 n.1 (5th Cir. 2025) (citation modified).
[4] R. Doc. 59.

Booth is the Chief Executive Officer of Credit Acceptance. Essentially, Plaintiff claims that Defendants "engaged in deceptive and fraudulent business practices."[5]

Plaintiff filed his original complaint on October 2, 2024.[6] In response, Booth filed his first motion to dismiss.[7] Plaintiff filed an Amended Complaint that did not reference, incorporate, or adopt any of the allegations in the original complaint. Therefore, the Amended Complaint controls.[8] The instant motion, filed in response to the Amended Complaint, seeks dismissal on the grounds that the Plaintiff has failed to state a claim.[9]

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.[10] The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[11] A document filed *pro se* is "to be liberally construed,"[12] and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[13]

---

[5] R. Doc. 59 at 2.
[6] R. Doc. 1.
[7] R. Doc. 28.
[8] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Williams v. Zordan*, 2023 WL 6451111, *4 (W.D. La. 2023) (citing *Stewart v. City of Houston Police Dep't,* 372 F.Appx 475, 478 (5th Cir. 2010).
[9] The motion also seeks dismissal under Rule 12(b)(2) (lack of personal jurisdiction) and Rule 12(b)(5) (insufficient service) of the Federal Rules of Civil Procedure.
[10] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).
[11] *Id.*
[12] *See e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[13] *Id.* (internal quotation marks omitted); Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."[14] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.[15] Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.[16]

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.[17] "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[18] Indeed, any documents attached to the briefing on a motion to dismiss may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity.[19]

### III.   ANALYSIS

Defendants urge the Court to dismiss the claims against them under Rule 12(b)(6) because Plaintiff's Amended Complaint "fails to make any factual allegations against Booth and Credit Acceptance other than the pure legal conclusion that

---

[14] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[15] *Id.* at 679.
[16] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).
[17] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).
[18] *Id*. (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).
[19] *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).

Defendants allegedly violated over 30 various federal and state statutes."[20] In response, the Plaintiff asserts that his "[o]pposition is grounded not merely in claims, but in specific facts … ."[21] His opposition asserts that: (1) Credit Acceptance made false reports to credit reporting agencies; (2) Defendants refused to produce a copy of the original contract and a chain of title; (3) Defendants brought collection actions against him without verification; and (4) Defendants' practices constitute unfair trade practices.[22] Plaintiff contends that these actions violate the Fair Credit Reporting Act, the Truth in Lending Act, the Fair Debt Collection Practices Act and Louisiana Consumer Credit Law.[23] Plaintiff's opposition cites the legal authority for each of his claims and alleges that he is entitled to relief because Defendants violated the law.

    Having reviewed Plaintiff's Opposition and his Amended Complaint the Court agrees with Defendants that the Plaintiff has failed to state a claim. Plaintiff does not state any facts to explain how the Defendants violated the law, or why he is entitled to relief. Plaintiff's Amended Complaint simply contains a similar list of his purported claims, the related legal authority, and conclusory statements that he is entitled to relief. The Court has reviewed the attachments to Plaintiff's Amended Complaint, including Plaintiff's: (1) Memorandum of Facts, Law and Equity; (2) a photograph copy of his original complaint; and (3) Plaintiff's affidavit.[24] None of these

---

[20] R. Doc. 84-1, p. 20.
[21] R. Doc. 86, p. 1.
[22] R. Doc. 86, p. 1.
[23] R. Doc. 86, p. 1.
[24] R. Docs. 59-1, 59-2 and 59-3.

materials contain any factual allegations which would explain the Defendants' conduct that Plaintiff believes give rise to his claims.

There is no factual matter (much less "sufficient" factual matter) that this Court can find within the Amended Complaint, its attachments, or Plaintiff's Opposition regarding any actions taken by Defendants, only conclusory statements. Even a liberal reading of Plaintiff's Amended Complaint does not prevent dismissal. Consequently, the claims against the Defendants are dismissed.

## IV. CONCLUSION

For the foregoing reasons,

Defendants' Motion to Dismiss (R. Doc. 84) is **GRANTED** and all of Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**. A Judgment consistent with this ruling will be issued accordingly.

**THUS DONE AND SIGNED** this 31st day of October, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**